# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAYE STRAIN, as Guardian of THOMAS BENJAMIN PRATT, | )<br>)<br>) |
| Plaintiff, | )<br>)  Case No. 19-CV-527-JED-FHM |
| v. | )<br>) |
| ARMOR CORRECTIONAL HEALTH CARE SERVICES, INC., | )<br>)<br>) |
| Defendant. | ) |

## **OPINION AND ORDER**

Plaintiff, Faye Strain, is the Guardian and mother of Thomas Benjamin Pratt. Plaintiff alleges that Mr. Pratt, while held in the Tulsa County Jail in 2015, was injured by the medical negligence of defendant's employees. (Doc. 1-1). As set forth in the plaintiff's initial pleading, Mr. Pratt was suffering from serious alcohol withdrawal and delirium tremens, which was not properly treated and, as a result, Mr. Pratt was seriously and permanently injured. Plaintiff asserts a negligence claim under the Oklahoma Governmental Tort Claims Act, and alleges that she complied with the notice provisions of that Act.

The defendant was the Jail's health services contractor and employed the health services providers whose alleged negligence is described in the plaintiff's pleading. The defendant moves to dismiss this state law negligence action on the ground that it is immune from tort liability under the OGTCA, *Okla. Stat.* tit. 51, §§ 152.1, 157(7)(b)(7).

The OGTCA provides that "[t]he state, its political subdivisions, and all of their employees . . . shall be immune from liability for torts." *Okla. Stat.* tit. 51, § 152.1. "[L]icensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees" are considered employees under the OGTCA. *Okla. Stat.* tit. 51, § 152(7)(b)(7). Plaintiff argues that this immunity does not apply because Armor itself is neither an employee nor a licensed medical professional.

In *Barrios v. Haskell Cty. Pub. Facilities Auth.*, the Oklahoma Supreme Court assumed that a corporate healthcare provider and its staff would count as "employees" under § 152(7)(b). *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 432 P.3d 233, 236 n.5 (Okla. 2018). In doing so, the court noted that "[g]enerally speaking, the staff of a healthcare contractor at a jail are 'employees' who are entitled to tort immunity under the GTCA." *Id.* Relying on *Barrios*, judges in this district have repeatedly held corporate medical providers, including Armor, to be "employees". *See Burke v. Regalado*, No. 18-CV-231-GKF-FHM, 2019 WL 1371144, at *2–3 (N.D. Okla. Mar. 26, 2019); *Prince v. Turn Key Health Clinics, LLC*, No. 18-CV-282-CVE-JFJ, 2019 WL 238153, at *9 (N.D. Okla. Jan. 16, 2019) (finding "persuasive the [*Barrios*] court's reasoning for assuming that Turn Key is an 'employee'" which is, "therefore, immune from tort liability"); *Holland v. Glanz*, 16-CV-349-JED-JFJ, 2019 WL 4781869 (N.D. Okla. Sept. 30, 2019).

Based upon the foregoing authorities, the Court determines that Armor is an "employee" under the OGTCA and is therefore immune from suit under *Okla. Stat.* tit. 51,

§§ 152(7)(b)(7).[1]  Accordingly, the defendant is immune from tort liability under the OGTCA. The motion to dismiss (Doc. 9) is **granted**.[2]  A separate judgment of dismissal will be entered.

SO ORDERED this 25th day of August, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]   The Tenth Circuit Court of Appeals recently stated that the question of whether a contracting jail health care provider is an "employee" is an "undecided issue of state law" that was "best left for the Oklahoma courts to decide." *Birdwell v. Glanz*, 790 F. App'x 962, 963-64 (10th Cir. 2020). The issue in that case was whether the federal district court should have exercised supplemental jurisdiction over the state law claims after it had disposed of all federal claims.

Here, in contrast, the issue is not one of supplemental jurisdiction. Instead, the Court in this case has original diversity jurisdiction over a removed state law claim. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal district court sitting in diversity applies "state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007); *see also Mem. Hosp. v. Healthcare Realty Tr. Inc.*, 509 F.3d 1225, 1229 (10th Cir. 2007). Where the district court exercising diversity jurisdiction cannot find a state high court opinion governing a particular issue of substantive law, the district court must predict how the state court would resolve the issue. *See Walker v. Spina*, 359 F. Supp. 3d 1054, 1076 (D.N.M. 2019) (quoting *Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 708 F. Supp. 2d 1209, 1224-25 (D.N.M. 2010). "[A] court formulating an *Erie* prediction should look first to the words of the state supreme court." *Id.* (quoting *Peña v. Greffet*, 110 F. Supp. 3d 1103, 1132 (D.N.M. 2015)).  Here, based upon the Oklahoma Supreme Court's statements in *Barrios*, including its indication that the staff of a jail healthcare contractor are employees who are entitled to tort immunity under the OGTCA and its assumption in a footnote that the corporate contractor was an "employee," the undersigned predicts that the Oklahoma high court would determine that Armor is immune from tort liability under the Oklahoma.

[2]   Because the Court determines that Armor is immune under the OGTCA, the Court need not address the statute of limitations issues.

3